**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Billy Breedlove; Diana J. Breedlove,<br><br>Plaintiffs,<br><br>vs.<br><br>America's Servicing Company; Arch McDonald; Rebecca Williams,<br><br>Defendants. | No. CV 09-8135-PCT-JAT<br><br>**ORDER** |

At the time this case was removed to federal court, Wells Fargo Bank N.A. (improperly sued as America's Service Company) had a motion to dismiss pending, which sought, in the alternative, a more definite statement. Plaintiffs responded and gave a more definite statement, but did not actually amend their complaint to add the new allegations. In Wells Fargo's reply, it suggested that the Court should permit Plaintiffs leave to amend to add the new allegations to the complaint, and then permit Wells Fargo to respond to the amended complaint. The Court agrees.

Further, since the case was removed, Defendant Arch McDonald has moved to dismiss for two reasons: failure to state a claim and lack of personal jurisdiction. The failure to state a claim portion of the motion will be mooted (without prejudice to re-urge if appropriate) by the filing of an amended complaint. It is doubtful that the amended complaint will change the personal jurisdiction question. However, for ease of administration, the Court will deny the personal jurisdiction motion to dismiss, without

1 prejudice, and with leave to re-urge, so that the Court has only one response per defendant, 2 and so that such response responds to the controlling pleading, which will be the amended 3 complaint.

Therefore,

**IT IS ORDERED** that Wells Fargo's motion for more definite statement (Doc. #1-1 at 7) is granted; Plaintiffs shall file an amended complaint within 30 days of the date of this Order and incorporate all of the factual and/or legal allegations they deem appropriate into the amended complaint itself.[1]

**IT IS FURTHER ORDERED** that the motions to dismiss (Doc. #1-1 at 7 and Doc. #5) are denied, without prejudice.

**IT IS FURTHER ORDERED** that if Plaintiffs fail to file an amended complaint, Defendants shall re-respond to the complaint currently on file (Doc. #1-1 at 4); including re-filing any motions to dismiss if they deem such response to be appropriate.[2]

**IT IS FURTHER ORDERED** that to the extent the complaint names "et al." as a defendant, "et al." is dismissed because the Federal Rules of Civil Procedure do not provide for the use of fictitious defendants. *See Craig v. U.S.*, 413 F.2d 854, 856 (9th Cir.), *cert. denied*, 396 U.S. 987 (1969).

/ / /

/ / /

---

[1] Plaintiffs are cautioned that the Court will not consider factual allegations made only in response to a motion to dismiss and not in the amended complaint itself. *See Schneider v. California Dept. of Corrections*, 151 F.3d 1194, n.1 (9th Cir. 1998).

[2] Because the Court has not analyzed whether the original complaint fails to state a claim, but instead is giving Plaintiff an opportunity to amend to include the allegations made in response to Wells Fargo's motion to dismiss (Plaintiffs' response is at Doc. #1-1 at 10), the Court will not automatically dismiss the complaint if Plaintiffs fail to amend. However, Plaintiffs are cautioned that this is their one opportunity to amend under Rule 15 and a failure to amend will cause the Court to consider any re-filed motions to dismiss without further amendment. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

1     **IT IS FURTHER ORDERED** that within 30 days of the date of this Order, Plaintiffs
2 shall file a status report regarding service on Defendant Rebecca Williams.
3     DATED this 2nd day of September, 2009.

                                                        James A. Teilborg
                                                        United States District Judge