**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Billy Breedlove; Diana J. Breedlove, | ) | No. CV 09-8135-PCT-JAT |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| America's Servicing Company; Arch McDonald; Rebecca Williams, | ) ) ) | |
| Defendants. | ) ) ) | |

Pending before the Court are Plaintiffs' Motion for Emergency Preliminary Injunctive and Declaratory Relief (Doc. # 40)[1] and Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. # 42). For the reasons that follow, the Court denies Plaintiffs' request for preliminary injunction, but grants Plaintiffs' leave to file their second amended complaint.

**I.     Background**

In December 2005, Plaintiffs purchased real property in Taylor, Arizona. In order to finance the property, Plaintiffs borrowed $281,250 from United Federal Bank of Indianapolis. The loan included a promissory note and a deed of trust, which named

---

[1] Plaintiffs claim to seek declaratory relief in addition to injunctive relief. Declaratory relief and preliminary injunctions are governed by different standards and are considered at different stages of litigation. As such, the Court considers plaintiffs' motion as a motion for preliminary injunction only.

1  Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. Wells Fargo, doing business as America's Servicing Company, became the servicer with respect to Plaintiffs' loan. Plaintiffs eventually defaulted on the note, and the trustee initiated foreclosure. A trustee's sale was held on August 27, 2009, and the property at issue was sold.

**II.    Motion for Preliminary Injunction**

To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 376 (2008). Traditionally, injunctive relief was also appropriate under an alternative "sliding scale" test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir.2008). However, the Ninth Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*. *Am. Trucking Ass'ns Inc. v. City of Los. Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable").

*A.    Likelihood of Success on the Merits*

The Court has already considered Plaintiffs' first, second, and third causes for injunctive relief during the October 21, 2009, preliminary injunction hearing (Doc. # 22). In that hearing, the Court found that Plaintiffs failed to show a likelihood of success on the merits as it relates to the first, second, and third causes for injunctive relief. Because Plaintiffs raise the same arguments with respect to these three causes for injunctive relief, the Court need not revisit its October 21 decision.

In Plaintiffs' fourth cause for injunctive relief, they assert that they were not given proper legal notice upon transfer of the promissory note in the Superior Court case. Even if proven as true, Plaintiffs have failed to cite any law supporting their position that this would have a bearing on the right to non-judicial foreclosure, nor is the Court so persuaded.

In Plaintiffs' fifth cause for injunction, Plaintiffs assert that all collection activity must stop until a decision has been rendered by this Court. Plaintiffs have failed to demonstrate that a non-judicial foreclosure is a collection within the Fair Debt Collection Practices Act; and, in any event, the right to non-judicial foreclosure is not automatically stayed by simply filing a lawsuit. Plaintiffs' argument is unavailing.

Plaintiffs next assert in their sixth cause for injunction that because the trustee's sale did not take place on the steps of the Navajo county court house, the sale was therefore fraudulent and void. Plaintiffs have failed to cite any law indicating that the sale must take place on the actual steps of the Navajo county court house. Nor is there any evidence that the other statutory procedures for non-judicial foreclosure were not met. Lastly, Plaintiffs' argument is mooted by A.R.S. § 33-811(C).

Plaintiffs' seventh through thirteenth causes for injunctive relief are nothing more than collateral attacks on the judgment of the Navajo County Superior Court, which this Court is not permitted to address. As such, Plaintiffs' arguments contained in their seventh through thirteenth causes for injunctive relief fail to form a basis from which this Court could grant Plaintiffs' requested relief.

The Court has considered Plaintiffs' Motion for Emergency Preliminary Injunctive Relief, their memorandum and other arguments made in support, including their reply, and Plaintiffs' submitted evidence in support. For the reasons detailed above, the Court finds that Plaintiffs have failed to demonstrate a likelihood of success on the merits.

B.    *Likelihood of Irreparable Harm*

Even if the Court were persuaded that Plaintiffs were likely to succeed on the merits–a conclusion this Court is not reaching–Plaintiffs have failed to show a likelihood of irreparable harm in the absence of injunctive relief. Plaintiffs' home has already been sold and, hence, the Court is unable to preclude the trustee's sale. To the extent Plaintiffs are seeking injunctive relief to preclude the forcible detainer action currently ongoing in state court, Plaintiffs have failed to show how a remedy of damages at law will not fully

compensate them for the losses they allege. Although the Court does not trivialize Plaintiffs' alleged damages, Plaintiffs have failed to demonstrate that such damages are irreparable.

Accordingly, because Plaintiffs have failed to demonstrate a likelihood of success on the merits or the presence of irreparable harm, the Court denies Plaintiffs' request for a preliminary injunction.[2]

## III.   Motion to Amend Complaint

Plaintiffs also seeks leave to file a second amended complaint. Plaintiffs' request is governed by Federal Rules of Civil Procedure 15(a)(2):

> **(a) Amendments Before Trial.**
>
> . . . .
>
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

While the decision to grant or deny a motion to amend is within the discretion of the district court, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In exercising its discretion[,] . . . 'a court must be guided by the underlying purpose of Rule 15–to facilitate decision on the merits rather than on the pleadings or technicalities. . . . Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted). "This liberality . . . is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

The liberal policy in favor of amendments, however, is subject to some limitations. The United States Supreme Court has established that motions to amend should be granted unless the district court determines that there has been a showing of: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies

---

[2] In their reply, Plaintiffs also request the Court to strike Defendant's Exhibit A, and disqualify counsel for Defendant "for intentionally attempting to deceive this Court." (Doc. # 44 at p. 4.) The Court finds both requests to be without merit.

- 4 -

by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Foman*, 371 U.S. at 182. "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs*, 833 F.2d at 186). Significantly, "[t]he party opposing amendment bears the burden of showing prejudice," futility, or one of the other permissible reasons for denying a motion to amend. *DCD Programs*, 833 F.2d at 187.

The Court has found no evidence of undue delay, bad faith, or undue prejudice. While Defendants argue that Plaintiffs' requested amendment is futile, Plaintiffs do add several new allegations. Given the Ninth Circuit's direction on motions to amend and Plaintiffs' additional allegations, the Court believes Defendants arguments are best reserved for the motion to dismiss context.

Again, for ease of administration, the Court will deny all pending motions to dismiss, without prejudice, and with leave to re-urge, so that the Court has only one response per Defendant, and so that such responses respond to the controlling pleading, which will be the second amended complaint.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Emergency Preliminary Injunctive and Declaratory Relief (Doc. # 40) is denied.

**IT IS FURTHER ORDERED** that Defendant Wells Fargo N.A.'s Motion to Dismiss Plaintiffs' Amended Complaint (Doc. # 18) is denied without prejudice and with leave to re-urge if appropriate.

**IT IS FURTHER ORDERED** that Defendant Arch McDonald's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. # 19) is denied without prejudice and with leave to re-urge if appropriate.

**IT IS FURTHER ORDERED** that Defendant Mark Bridgewater's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. # 26) is denied without prejudice and with leave to re-urge if appropriate.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike (Doc. # 29) is denied as moot.

**IT IS FURTHER ORDERED** that Defendant Arch McDonald's Request for Summary Disposition (Doc. # 30) is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion Requesting Permission to File Electronically (Doc. # 35) is granted. However, Plaintiffs are cautioned that they are only permitted to file electronically in this case; and any abuse of the electronic system, such as repeated frivolous filings or any other abuse, will cause the removal of Plaintiffs' ability to file electronically in this case.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary Judgment (Doc. # 37) is denied as moot.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiffs' Motion for Summary Judgment (Doc. # 39) is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. # 42) is granted.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a non-strike out version of their Second Amended Complaint on or before April 19, 2010. Plaintiffs are cautioned that a failure to file their Second Amended Complaint will cause the Court to consider any re-filed motions to dismiss without further amendment.

**IT IS FURTHER ORDERED** that if Plaintiffs fail to file their Second Amended Complaint, Defendants shall re-respond to Plaintiffs' First Amended Complaint (Doc. # 13), including re-filing any motions to dismiss if they deem such response to be appropriate.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Accelerate Ruling (Doc. # 51) is denied as moot.

DATED this 31st day of March, 2010.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge